FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 17 2026
TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

MARY ANN CAMPBELL, on behalf of
herself and others similarly situated,

    Plaintiff,

v.

ENSURETY VENTURES, LLC. d/b/a
OMEGA AUTO CARE

    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION FILE NO.

4:26-cv-387-LPR

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff Mary Ann Campbell (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

This case assigned to District Judge _Rudofsky_
and to Magistrate Judge _Ervin_

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      This case involves a campaign by Ensurety Ventures, LLC d/b/a Omega Auto Care ("Defendant") to market its services through the use of telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

4.      The recipients of Defendant's illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5.     Plaintiff is an individual located in this District.

6.     Defendant is a corporation residing in Town and Country, MO.

## JURISDICTION AND VENUE

7.     This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331.

8.     This Court has specific personal jurisdiction over Defendant because it made telemarketing calls into this District.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the events giving rise to this claim occurred in this District because Defendant directed the calls at issue to Plaintiff into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

10.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

3

12.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

14.    Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

15.    Defendant is an automobile warranty company that makes telemarketing calls to sell its goods and services.

16.    Plaintiff is the subscriber and customary user of her cellular telephone number— 501-993-XXXX.

17.    Plaintiff uses, and at all times has used, cellular telephone number 501-993-XXXX as her personal residential telephone number.

18.    Plaintiff's phone number has been registered on the National Do Not Call Registry since 2006, well over 30 days prior to receiving the calls at issue.

19.    Plaintiff uses her cellular telephone number for personal use as one would use a landline telephone number in a home.

20.    Plaintiff uses her cellular telephone number primarily to communicate with friends and family, to schedule personal appointments, and for other household purposes.

21.    Plaintiff received multiple telemarketing calls from Defendant promoting automobile warranty services in 2025.

4

22.    On August 26, 2025, at approximately 3:57 p.m., Plaintiff received a call from telephone number 479-427-7082 from the Defendant.

23.    During the call, the caller identified herself as "Anna" and represented that she was calling regarding a Nissan vehicle warranty. The caller stated that Plaintiff's vehicle warranty had expired and asked questions about Plaintiff's vehicle, including the mileage and condition.

24.    During the call, Plaintiff was offered an automobile warranty plan for her 2016 Nissan Maxima and was quoted a monthly price of approximately $208 per month for the Defendant.

25.    Plaintiff declined and ended the call.

26.    On September 9, 2025, at approximately 9:43 a.m., Plaintiff again received a call from telephone number 479-427-7082.

27.    During the September 9, 2025 call, the caller again discussed warranty coverage for Plaintiff's 2016 Nissan Maxima.

28.    The caller represented identified himself as "Rory Williams."

29.    The caller claimed that Plaintiff's vehicle coverage had expired and represented that Plaintiff could still purchase warranty coverage despite the vehicle's mileage.

30.    The caller discussed inspection requirements and offered a warranty plan costing approximately $158 per month from the Defendant, with a reduced payment option through a "hardship program."

31.    On September 15, 2025, at approximately 2:13 p.m., Plaintiff received another a call from telephone number 501-484-7909.

32.    During the September 15, 2025 call, a caller identifying herself as "Monique"

called the Plaintiff from the Defendant.

33.    During that call, the representative stated that he was calling regarding extended automobile warranty coverage and represented that the coverage was offered by Omega Auto Care.

34.    The caller discussed coverage for major vehicle components including the engine, transmission, cooling system, fuel system, and electrical components, as well as towing, roadside assistance, rental coverage, and nationwide service.

35.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

36.    The aforementioned calls to the Plaintiff were unwanted, unwelcomed, unsolicited, and were sent without Plaintiff's consent- whether explicit or implicit.

37.    The calls were non-consensual encounters.

38.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40.    Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

6

41.     Excluded from the class is Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

42.     **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time for each class, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

43.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

44.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

45.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

   a.     whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   b.     whether Defendant made calls to Plaintiff and members of the

National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; AND

      c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members such that joinder of all members is impracticable.

47.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

      a.     The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

      b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

      c.     Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

8

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

<u>**COUNT I**</u>
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

48.    Plaintiff realleges and incorporates by reference the preceding paragraphs.

49.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

50.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

51.    These violations were willful or knowing.

52.    As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

53.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

<u>**PRAYER FOR RELIEF**</u>

9

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the Class as alleged herein;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned as counsel for the Class;

D.     Damages to Plaintiff and members of the Class for each violation pursuant to 47 U.S.C. § 227(c)(5);

E.     Injunctive relief for the Class, pursuant to 47 U.S.C. § 227(c)(5) preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, outside the permitted hours, or to numbers who had requested that they cease, in the future.

F.     Attorneys' fees and costs, as permitted by law; and

G.     Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: April 17, 2026

Zachary Ryburn
Ryburn Law Firm, PLLC
ARBAR No. 2015061
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
Telephone: (501) 228-8100
Facsimile (501) 330-8631
Email: Zach@ryburnlawfirm.com

10

Anthony I. Paronich, *Subject to Pro Hac Vice*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com


*Attorneys for Plaintiff*