# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

|  |  |  |
|---|---|---|
| **MARY ANN CAMPBELL**, on behalf of herself and others similarly situated, | : | |
|  | : | |
|  | : | |
|  | : | |
| Plaintiff, | : | Case No.: 4:26-CV-387-LPR |
|  | : | |
| v. | : | |
|  | : | |
| **ENSURETY VENTURES, LLC d/b/a OMEGA AUTO CARE** | : | |
|  | : | |
| Defendant. | : | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Ensurety Ventures, LLC respectfully moves the Court for an Order dismissing Plaintiff's Complaint with prejudice for failing to allege any facts that Defendant initiated more than one telephone call, which is necessary to maintain the sole alleged cause of action. In support thereof, Defendant states:

### INTRODUCTION AND BACKGROUND

Plaintiff Mary Ann Campbell ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against "Defendant Ensurety Ventures LLC d/b/a Omega Auto Care" ("Ensurety"), based on three telephone calls that Plaintiff alleges to have received from Ensurety. Specifically, Plaintiff's single cause of action, alleging telephone solicitations to a phone number on the Federal Do Not Call Registry, is predicated on the receipt of more than one offending phone call in a twelve-month period. 47 U.S.C. § 227(c)(5). The Complaint is devoid of any factual allegations to attribute any of the three alleged calls to Ensurety, let alone the multiple calls necessary to maintain this action.

4931-6131-1157.2

The Complaint does not even purport to attribute the first two alleged calls to Ensurety – notably, the name "Omega," was never mentioned in either call. (Compl. ¶¶ 22-30.) Receiving phone calls from "Anna" and "Rory Williams" on behalf of an unknown entity (if any) discussing auto warranty coverage in no way implicates Ensurety or any other entity that may or may not have been associated with those calls. For this reason alone, the Complaint must be dismissed because Plaintiff is then only left with one alleged call, which is insufficient as a matter of law to maintain a Do Not Call violation under the TCPA.

While factual allegations surrounding the third call actually pay lip service to an attempt to identify Ensurety, they are still nonetheless insufficient as a matter of law to attribute that singular call to Ensurety.  Plaintiff simply alleges that "Monique" called her and "represented that the coverage was offered by Omega Auto Care." However, the Complaint is devoid of any allegation that Ensurety itself initiated the call or that establishes a sufficient agency relationship between Ensurety and whatever party initiated the call for purposes of vicarious liability.

Accordingly, Plaintiff's Complaint is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6).

I. RELEVANT PLED FACTS

Plaintiff's single cause of action is predicated on three phone calls that she allegedly received between August 26 and September 15, 2025. (Compl., ¶¶ 22-34.) Aside from the conclusory allegation that she "received multiple telemarketing calls from Defendant promotion automobile warranty services in 2025," (*id*. ¶ 21) – which this Court must disregard – Plaintiff pleads no *facts* that show any commonality between the calls or any basis to demonstrate that more than one call, *if any*, should be attributed to Ensurety:

4931-6131-1157.2

|  | "First Call" | "Second Call" | "Third Call" |
|---|---|---|---|
| Date/Time | Aug. 26, 2025 at 3:57 p.m. (¶22) | Sept. 9, 2025 at 9:43 a.m. (¶26) | Sept. 15, 2025 at 2:13 p.m. (¶31) |
| Originating Number | 479-427-7082 (¶22) | 479-427-7082 (¶26) | 501-484-7909 (¶31) |
| Caller | Anna (¶23) | Rory Williams (¶28) | Monique (¶32) |
| Warranty Provider | Nissan (¶23) | None | Omega Auto Care (¶33) |
| Vehicle Identified | 2016 Nissan Maxima (¶24) | 2016 Nissan Maxima (¶27) | None |
| Plan Offered | $208/month (¶24) | $158/month (¶30) | None |

As reflected above, the first two calls appear to have some factual similarities, including identifying a 2016 Nissan Maxima and the same originating phone number. The Complaint is devoid of any factual allegation to tie the first two calls to Ensurety. Moreover, although the Third Call stated that the product discussed was offered by "Omega Auto Care," there is no common factor with the first two calls – it involved a separate originating phone number, did not identify the Nissan Maxima, and did not provide a quote. Therefore, even if this Court finds that the caller identifying "Omega Auto Care" as the provider of the product sufficient to attribute the Third Call to Ensurety, a single call is insufficient as a matter of law to support Plaintiff's TCPA claim. Therefore, Ensurety respectfully submits that Plaintiff's Complaint is subject to dismissal.

II. <u>STANDARD OF REVIEW</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* 556 U.S. 662 at 678.  While a court must accept as true all well-pleaded facts, the same does not hold true for "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level", which "are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021).

III.  LAW AND ARGUMENT

A.  **Plaintiff's DNC Registry Claim Requires the Existence of More than One Violating Phone Call in a Twelve-Month Period.**

Plaintiff asserts her sole cause of action under 47 U.S.C. 227(c)(5), which only grants a private right of action to a person who has received more than one telephone solicitation from the same entity within any 12-month period.  *Vallesillo v. Money Tree Merch. Servs. Corp.*, No. 8:23-CV-536, 2024 WL 6891171, at *6 (D. Neb. May 23, 2024) ("Thus, to state a claim under the TCPA, a plaintiff must plausibly allege he or she received more than one phone solicitation from the same entity within a one-year period to a residential phone number and that the solicitations were in violation of a TCPA regulation.").  As demonstrated below, the Complaint fails to assert facts to allow the Court to plausibly infer the existence of any phone calls, let alone more than one, in violation of the TCPA's Do Not Call restrictions, and therefore fails as a matter of law.

B.  **The Complaint Makes No Attempt to Attribute the First Two Calls to Ensurety.**

The Complaint is wholly devoid of any factual allegation to attribute the First and Second Calls to Ensurety.  Notably, the Complaint does not even state that Ensurety's name was mentioned on either call.  *See, e.g. Margulis v. Generation Life Ins. Co.*, 91 F. Supp. 3d 1165, 1168 (E.D. Mo.

4931-6131-1157.2

2015) (dismissing TCPA complaint for failure to plead facts tying defendants to the call, noting that plaintiff failed to plead "even that the caller identified the defendants by name during the call."). Nor is there any attempt to show that the Third Call, in which the "Omega Auto Care" name was alleged to be uttered, shares any meaningful similarity to the First and Second Calls. Without the First and Second Calls, the Complaint lacks the allegations of multiple telephone solicitation calls from Ensurety. Based on this fact alone, the Complaint fails to state a claim and must be dismissed.

### C. The Mere Mention of "Omega Auto Care" During the Third Call Is Legally Insufficient to Infer Ensurety's Liability for that Call.

Even if the Third Call alone could independently support Plaintiff's sole cause of action, the Complaint nonetheless fails to attribute that call to Ensurety. Aside from unsupported conclusions that the Court must cast aside, the Complaint makes no attempt to assert any facts that would establish that Ensurety itself initiated the call. Instead, the Complaint alleges that "Monique" initiated the third call and, tellingly, does not allege that Monique made any statement that the call was from Ensurety or to otherwise attribute the caller as Ensurety. (Compl., ¶ 32.) Likewise, the Complaint simply alleges that the Third Call was placed from 501-484-7909, but makes no effort to attribute that phone number to Ensurety. (*Id*. ¶ 31.) Instead, the Complaint alleges that Monique "stated that he [sic] was calling regarding extended automobile warranty coverage and represented that the coverage was offered by Omega Auto Care." (*Id*. ¶ 33.)

For claims brought under the TCPA, courts recognize that a defendant may be liable under a direct liability standard when the defendant itself places the call or under vicarious liability when an agency relationship exists between the defendant and the party initiating the call. *E.g.*, *Bank v. Alleviate Tax, LLC*, Case No. 23CV5457PKCPK, 2024 WL 1332635, at *3 (E.D.N.Y. Mar. 28, 2024) ("In order to state a plausible claim for direct liability, a plaintiff must allege that a defendant

initiated an unlawful call. In order for a plaintiff to assert a TCPA violation under a theory of vicarious liability, a plaintiff must allege an agency relationship between the maker of the call, such as a marketing company, and the defendant. The existence of some connections between the defendant and the maker of the call will not suffice" (cleaned up).

Again, the Complaint alleges no facts that Ensurety itself initiated the Third Call, and instead only attempts to attribute the call to Ensurety based on the fact that Monique stated that a product offered is provided by "Omega Auto Care" – *i.e.*, Plaintiff never alleges that Monique stated that she was employed by Ensurety or even calling on Ensurety's behalf. Courts in this circuit do not assume by default that an illegal call was made by the named defendant even if its name is mentioned on the call or if the call appears to benefit the defendant. *See Golan v. Veritas Ent., LLC*, No. 4:14CV00069 ERW, 2016 WL 880402, at *3 (E.D. Mo. Mar. 8, 2016) ("…a seller is not directly liable for a TCPA violation unless it initiates the call… Nor is an action taken for the benefit of a seller by a third-party, without more, sufficient to trigger the liability of a seller under section 227(b).").

As such, the Complaint, at best, only alleges a potential commercial relationship between Ensurety and whatever entity initiated the Third Call. As noted in the *Bank* decision above, some connection between the defendant and the initiator of the call is insufficient. This principle was fully addressed by the Seventh Circuit in reviewing whether a text message from T-Mobile advertising Subway sandwiches was sufficient to confer liability on Subway:

> After reviewing the record, we agree with the district court that Warciak's complaint failed to include enough facts to state a plausible claim for relief under the legal theory of vicarious liability. It is unreasonable for courts to contrive an inference when the scarce facts barely allege a claim. The only conduct by Subway alleged in the complaint is engaging in a contractual relationship with T-Mobile. Warciak claims a commercial contractual relationship between two sophisticated businesses is tantamount to an agency relationship. While an agency relationship can be created by contract, not all contractual relationships form an agency. For

example, when a company wishes to place an advertisement in a circular, the publisher of the circular does not become the agent of the company.

*Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020); *Gonzales v. Cordoba Legal Grp., LLC*, Case No. 3:23-CV-00355-KC, 2026 WL 772359, at *3 (W.D. Tex. Feb. 5, 2026), report and recommendation adopted, 2026 WL 790575 ("[W]hen a company merely places an advertisement through a third party, the publisher does not thereby become the company's agent."); *Trenz v. Sirius XM Radio, Inc.*, Case No. 15CV0044, 2015 WL 11658715, at *2 (S.D. Cal. July 13, 2015) ("An allegation of a beneficial contractual relationship alone is insufficient to establish agency.").

Even if this Court found that the mere mention of "Omega Auto Care" during the Third Call is enough to plausibly allege that Ensurety initiated the Third Call, or is vicariously liable for whomever initiated the call, this single call does not rise to the legally cognizable injury identified in 47 U.S.C. 227(c)(5). Unless Plaintiff has plausibly alleged that *multiple* calls originated from Ensurety which violated the law, Plaintiff has not stated a claim for relief under Section 227(c)(5). As Plaintiff may have at best alleged a single call of this nature, Plaintiff's Complaint does not allege the harm addressed by Section 227(c)(5) and should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state any plausible claim for relief against Ensurety. Accordingly, Ensurety respectfully requests that the Court grant this Motion to Dismiss and enter an order dismissing Plaintiff's Complaint with prejudice.

4931-6131-1157.2

Respectfully submitted,

**KUTAK ROCK LLP**
Niki T. Cung, Ark. Bar No. 96153
1277 E. Joyce Blvd., Suite 300
Fayetteville, Arkansas 72703
Telephone: 479-973-4200
Fax: 479-973-0007
Niki.Cung@KutakRock.com

*Attorneys for Ensurety Ventures, LLC*
*d/b/a Omega Auto Care*

4931-6131-1157.2