**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| MARY ANN CAMPBELL, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 4:26-CV-387-LPR |
| Plaintiff, | : : | |
| v. | : : | |
| ENSURETY VENTURES, LLC. d/b/a OMEGA AUTO CARE | : : : | |
| Defendant. | : : / | |

## PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

This is a straightforward TCPA case. Plaintiff alleges that despite her telephone number being listed on the National Do Not Call Registry for nearly two decades, she received multiple telemarketing calls promoting automobile warranty products. ECF No. 1 ¶¶ 18, 21-34. Defendant seeks dismissal by asking the Court to dissect the Complaint call-by-call and disregard the reasonable inference that those calls were part of the same telemarketing campaign. But that is not the standard governing a motion to dismiss.

Accepting the allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Complaint plausibly alleges that Defendant initiated multiple telemarketing solicitations promoting Omega Auto Care warranty products. ECF No. 1 ¶¶ 21-34, 50. The Complaint therefore states a viable claim under the TCPA, and Defendant's Motion should be denied.

1

## BACKGROUND

Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from Defendant's telemarketing campaign promoting automobile warranty products to telephone numbers listed on the National Do Not Call Registry. *See* ECF No. 1 ¶¶ 3-4. Plaintiff is the subscriber and customary user of cellular telephone number 501-993-XXXX, which she uses as her personal residential telephone number. *Id.* ¶¶ 16-19. Plaintiff's telephone number has been registered on the National Do Not Call Registry since 2006, well over thirty days before the calls at issue. *Id.* ¶ 18.

Defendant Ensurety Ventures, LLC d/b/a Omega Auto Care is an automobile warranty company that markets and sells automobile warranty products and services. *Id.* ¶ 15. Plaintiff alleges that she received multiple telemarketing calls promoting automobile warranty services in 2025. *Id.* ¶ 21. On August 26, 2025, Plaintiff received a call from telephone number 479-427-7082. *Id.* ¶ 22. During that call, the caller identified herself as "Anna," stated that Plaintiff's Nissan vehicle warranty had expired, requested information regarding Plaintiff's vehicle, and offered Plaintiff an automobile warranty plan for her 2016 Nissan Maxima. *Id.* ¶¶ 23-24. Plaintiff declined the offer and ended the call. *Id.* ¶ 25.

On September 9, 2025, Plaintiff received a second call from the same telephone number. *Id.* ¶ 26. During that call, the caller discussed warranty coverage for Plaintiff's 2016 Nissan Maxima, represented that Plaintiff's vehicle coverage had expired, discussed inspection requirements, and offered Plaintiff a warranty plan at a monthly price. *Id.* ¶¶ 27-30. Less than one week later, on September 15, 2025, Plaintiff received another telemarketing call promoting extended automobile warranty coverage. *Id.* ¶¶ 31-34. During that call, the caller represented that

2

the warranty coverage being offered was provided by Omega Auto Care. *Id.* ¶ 33. The caller further described coverage for major vehicle components, roadside assistance, towing services, rental reimbursement, and nationwide service. *Id.* ¶ 34. Based on these calls, Plaintiff alleges that Defendant violated the TCPA by initiating or causing multiple telephone solicitations to be made to a telephone number registered on the National Do Not Call Registry. *Id.* ¶¶ 49-53.

## **ARGUMENT**

### I. THE COMPLAINT PLAUSIBLY ALLEGES THAT DEFENDANT WAS RESPONSIBLE FOR MULTIPLE TELEMARKETING CALLS TO PLAINTIFF.

Defendant's motion improperly asks the Court to draw inferences in Defendant's favor rather than Plaintiff's favor. At the pleading stage, however, the Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*; Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir. 2001).

Defendant does not dispute that Plaintiff's telephone number was registered on the National Do Not Call Registry. ECF No. 1 ¶ 18. Nor does Defendant dispute that the Complaint alleges three separate telemarketing calls occurring within a twelve-month period. *Id.* ¶¶ 22-34. Instead, Defendant argues that only one of those calls can be attributed to Defendant. However, the Complaint alleges that Plaintiff received three telemarketing calls over a period of less than three weeks. ECF No. 1 ¶¶ 22-34. All three calls concerned the sale of automobile warranty coverage. *Id.* Two of those calls originated from the same telephone number and concerned Plaintiff's 2016 Nissan Maxima. *Id.* ¶¶ 22-30. The third call similarly promoted extended automobile warranty coverage and expressly identified Omega Auto Care as the provider of the coverage being offered.

*Id.* ¶ 33. Viewing these allegations collectively, the Complaint plausibly describes a single telemarketing campaign directed at Plaintiff. The calls occurred within a short period of time, involved the same consumer, concerned the same subject matter, and sought to sell substantially similar warranty products. ECF No. 1 ¶¶ 22-34. At least one caller expressly identified Omega Auto Care as the provider of the coverage being marketed. *Id.* ¶ 33.

This allegation directly addresses the nature of the communications and identifies them as telemarketing solicitations. At the pleading stage, Plaintiff is not required to provide a transcript of each call or detail every word spoken. Rather, Plaintiff must allege facts that allow a reasonable inference that the calls were solicitations. Plaintiff has done so and this is more than enough to warrant that the parties continue to discovery. *See e.g. Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 280 (S.D.N.Y. 2024) (holding plaintiff adequately pled direct liability when the plaintiff received calls identifying the defendant); *Abramson v. Josco Energy USA, LLC*, No. 2:21-cv-1322, 2022 U.S. Dist. LEXIS 237792, at *6 (W.D. Pa. Aug. 1, 2022) ("Defendant might dispute those facts, but as now alleged, they go beyond formulaically reciting the elements of Plaintiff's cause of action, and the Court must take them as true at this early stage in the litigation."); *Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at *4 (D.N.J. July 21, 2021); *Atkinson v. Choice Home Warranty*, No. CV 22-04464, 2023 WL 166168, at *3 (D.N.J. Jan. 11, 2023). Indeed, courts have found in TCPA cases that using the same scripting on multiple generic telemarketing calls is sufficient to allege direct liability against a defendant.

The reasoning in *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727 (N.D. Ill. 2014), further supports denial of Defendant's Motion. There, the defendant argued that the plaintiff could not plausibly allege that multiple calls were made on behalf of the same seller because the plaintiff

did not answer several of the calls and therefore lacked personal knowledge regarding their content. The Court rejected that argument, holding that the content and timing of a later answered call permitted a reasonable inference that the earlier calls were part of the same telemarketing effort. *Toney*, 75 F. Supp. 3d at 746. Specifically, the Court held that where a plaintiff received several calls within a short period of time and subsequently answered a call promoting the defendant's product, the allegations were sufficient to support the inference that the earlier calls were made for the same purpose. *Id.* The same reasoning applies here. Plaintiff alleges three telemarketing calls occurring within less than one month, all concerning the sale of automobile warranty coverage for the same vehicle. ECF No. 1 ¶¶ 22-34. Most significantly, the final caller expressly identified Omega Auto Care as the provider of the warranty coverage being marketed. *Id.* ¶ 33. As in *Toney*, the timing, subject matter, and progression of the calls permit the reasonable inference that the calls were part of a common telemarketing campaign conducted by or on behalf of Defendant.

Furthermore, in *Bird v. Pro Star Builders, Inc.,* No. 2:22-cv-03610-JLS-JEM, 2022 U.S. Dist. LEXIS 215155, at *7-8 (C.D. Cal. Nov. 28, 2022), which itself cited to other similar decisions, the court held:

> Further, it is reasonable to infer that Pro Star was responsible for the alleged February 24 unanswered call from the same number as the second call on April 19. Indeed, courts in other districts have recently found that a plaintiff has sufficiently alleged multiple calls from the same entity when he or she received more than one call from the same number but traced the calls back to the defendant after having answered only once. *See, e.g., Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 2022 U.S. Dist. LEXIS 138916, 2022 WL 3130225, at *7 (E.D. Mich. Aug. 4, 2022) (finding that plaintiff plausibly pleaded that four calls—including three unanswered calls—had come from the same defendant because they had originated from the same number and the plaintiff alleged that other individuals had complained about receiving solicitations from

that number); *Spurlark v. Dimension Serv. Corp.*, 2022 U.S. Dist. LEXIS 120468, 2022 WL 2528098, at *3 (S.D. Ohio July 7, 2022) (finding that plaintiff who had ignored multiple calls from the same number until he answered and was [*8] able to identify the caller plausibly pleaded that the calls were all placed by the defendant). The Court agrees that it is reasonable to infer that the same caller is responsible for calls from the same number, whether those calls are answered or not. Accordingly, the Court finds that Plaintiff has plausibly alleged that the two calls at issue came from Pro Star.

*Accord Kemen v. Cincinnati Bell Telephone Company*, No. 1:22-cv-00152-DRC, *Order granting leave to amend the complaint* (ECF 17) (May 24, 2023) ("As for the two unanswered calls, Kemen has plausibly alleged Cincinnati Bell placed them for a telemarketing purpose too. To start, unanswered calls can 'count' for TCPA purposes. … And the allegations here give rise to a plausible inference that Cincinnati Bell placed the two unanswered calls for a telemarketing reason."). Defendant's attempt to isolate one call and disregard the remaining alleged contacts improperly fragments the Complaint. When the allegations are considered as a whole, they clearly support the inference that more than one solicitation occurred.

Defendant argues that the first two calls cannot be attributed to Defendant because the callers did not specifically mention the Omega Auto Care name. That argument ignores the reasonable inference arising from the Complaint's allegations. The first two callers discussed warranty coverage for Plaintiff's vehicle, represented that her warranty had expired, and attempted to sell replacement coverage. ECF No. 1 ¶¶ 23-24, 27-30. Shortly thereafter, a third caller contacted Plaintiff regarding extended warranty coverage and specifically represented that the coverage being offered was provided by Omega Auto Care. *Id.* ¶ 33. Courts routinely find such allegations sufficient at the pleading stage. See *Smith v. Getmehealthcare, LLC*, 2026 U.S. Dist. LEXIS 73341, at *3-4 (M.D. Fla. Apr. 17, 2026) (finding TCPA allegations sufficient where the

plaintiff alleged calls concerning the same product occurring within a short timeframe, which supported the inference that the calls were made by or on behalf of the defendant as part of a common telemarketing campaign).

Defendant's own authorities confirm that dismissal is unwarranted here. In *Margulis v. Generation Life Insurance Co.,* 91 F. Supp. 3d 1165 (E.D. Mo. 2015), the Court dismissed the complaint because the plaintiff offered only conclusory allegations that the defendants were responsible for the challenged call and failed to allege facts connecting the defendants to the communication itself. Critically, there were no factual allegations from which the court could reasonably infer that the call was made by or on behalf of the defendants. Here, by contrast, Plaintiff alleges a series of three telemarketing calls occurring within less than one month, all involving the marketing of automobile warranty coverage to Plaintiff regarding the same vehicle. ECF No. 1 ¶¶ 22-34. Two of those calls originated from the same telephone number and involved substantially similar discussions concerning Plaintiff's allegedly expired vehicle warranty and the purchase of replacement coverage. *Id.* ¶¶ 22-30. The third call involved the same subject matter and expressly identified Omega Auto Care as the provider of the warranty coverage being marketed. *Id.* ¶ 33. Unlike *Margulis*, Plaintiff does not ask the Court to infer Defendant's involvement from a bare legal conclusion. Rather, Plaintiff alleges a pattern of related telemarketing calls sharing common timing, subject matter, purpose, and target consumer, culminating in a call that expressly identified Defendant's product.

Likewise, in *Bank v. Alleviate Tax, LLC*, 2024 U.S. Dist. LEXIS 56828 (E.D. NY.), the Court found the complaint deficient because it lacked factual allegations linking the defendant to the caller beyond conclusory assertions. This case is markedly different. Plaintiff alleges the dates

7

of the calls, the originating telephone numbers, the identity of the callers, the substance of the conversations, the vehicle discussed, and that the callers were attempting to sell automobile warranty products. ECF No. 1 ¶¶ 22-34. Most importantly, Plaintiff alleges that the September 15, 2025 caller expressly represented that the coverage being marketed was offered by Omega Auto Care. *Id*. ¶ 33. These are precisely the types of factual allegations absent from *Margulis* and *Bank*. By contrast, the court in *Vallesillo v. Money Tree Merchant Services Corp*. reiterated that a complaint survives Rule 12(b)(6) where the pleaded facts permit a reasonable inference of liability and cautioned that a complaint must be read as a whole rather than parsed allegation by allegation. Plaintiff's allegations easily satisfy that standard. *See Vallesillo v. Money Tree Merch. Servs. Corp.,* 2024 U.S. Dist. LEXIS 97600, at *14-15 (D. Neb. May 23, 2024) (recognizing that a complaint should be considered as a whole and that plausibility exists where factual allegations permit a reasonable inference of liability).

Defendant's position requires the Court to infer that the first two calls were entirely unrelated to the third call despite their temporal proximity, common subject matter, and shared objective of selling automobile warranty products. The Court is not required to adopt Defendant's preferred inference. To the contrary, all reasonable inferences must be drawn in Plaintiff's favor. When viewed under the proper standard, the allegations plausibly support the conclusion that the calls were part of the same telemarketing effort conducted on behalf of Defendant.

Whether discovery ultimately establishes that Defendant directly placed the calls, employed multiple telemarketing vendors, or utilized agents to market its products presents factual questions that cannot be resolved on a Rule 12(b)(6) motion. Plaintiff has alleged sufficient facts to state a plausible TCPA claim, and dismissal is therefore inappropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. Plaintiff has plausibly alleged that Defendant initiated multiple telemarketing solicitations to a telephone number listed on the National Do Not Call Registry in violation of 47 U.S.C. § 227(c). At a minimum, the allegations permit a reasonable inference of Defendant's liability, and any factual disputes concerning the relationship between Defendant and the callers are inappropriate for resolution on a Rule 12(b)(6) motion.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and grant such other and further relief as the Court deems just and proper.

Dated: June 16, 2026

_/s/ Anthony I. Paronich_
Anthony I. Paronich, *Pro Hac Vice*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Jason M. Ryburn
Ryburn Law Firm, PLLC
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
Telephone: (501) 228-8100
Facsimile (501) 330-8631
Email: jason@ryburnlawfirm.com

*Attorneys for Plaintiff*