**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **MARY ANN CAMPBELL**, on behalf of herself and others similarly situated, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No.: 4:26-CV-387-LPR |
| | : | |
| v. | : | |
| | : | |
| **ENSURETY VENTURES, LLC d/b/a OMEGA AUTO CARE** | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's Opposition does not dispute that she must attribute more than one call to Defendant to maintain her claim, nor that only the third call contains any independent basis to link that call to Defendant.  Instead, Plaintiff relies on nothing more than a shared subject matter (extended warranties) for various unique calls received over three weeks as the basis for an *ipse dixit* conclusion that the first two calls must be related to the third.  Plaintiff cites three cases in support of the proposition that it would be proper to tie the third call to the first two.  This reliance is misplaced.

First, *Bird v. Pro Star* reasonably concludes that multiple calls "from the same number" can be attributed to the same party even when the plaintiff only "answered only once."  (Opp'n, p.5, quoting *Bird v. Pro Star Builders, Inc.*, Case No. 2:22-cv-3610, 2022 WL 18216007, *3 (C.D. Cal. Nov. 28, 2022)).  Unlike Bird, the third call (the only call in Defendant's name was stated) came from a different originating number than the first two calls.

Second, *Toney v. Quality Resources, Inc.* similarly addressed a plaintiff who received four calls from the same number, a number that the Defendant freely admitted to owning. 75 F.Supp.3d 727, 732 (N.D. Ill. 2014) ("Toney received three calls on her cellular telephone. The caller-identification information showed that the caller's number was (866) 379–2003 (which is Quality's number). Toney did not answer the calls. The next day, she received another call from the same number and answered it.")[1]

Third, the Opposition cites to a decision in *Kemen v. Cincinnati Bell* that does not appear to be available on Westlaw as an unpublished opinion.[2]  The cited order does not provide clarity as to the factual underpinning of those claims, and instead discusses attributing a telemarketing purpose to unanswered calls based on the content of associated answered calls, with no apparent dispute whether the defendant initiated all of the calls at issue. (Exhibit A at 9.)  However, a subsequent decision in the same case clearly demonstrates that plaintiff's setting forth a factual basis to attribute all four calls to the defendant (who did not appear to dispute originating the calls):

- "[A] Cincinnati Bell employee called her cell phone … asking her to purchase Cincinnati Bell's 'products and services.'"  *Kemen v. Cincinnati Bell Tel. Co., LLC*, 2024 WL 1242295, *1 (S.D.Ohio Mar. 22, 2024)

- "One minute later, the same number called her again. Kemen did not answer that second call, but she alleges that calls to that number go to a Cincinnati Bell employee's voicemail." *Id*. (internal citations omitted).

- "Five days later, Kemen alleges she received a third call from Cincinnati Bell. She also did not answer that call, which came from a different number from the first two calls. But she alleges that this second number also connects to a Cincinnati Bell employee's voicemail." *Id*. (internal citations omitted).

---

[1] Further distinguishing Toney, the defendant admitted that it initiated all three calls, but denied that Plaintiff established that the other three calls were initiated for a marketing purpose because they were unanswered.  The Court simply held it was reasonable to infer the content of Defendant's admitted calls based on the content of the fourth, answered call.  *Id*. at 746 ("The content and timing of the fourth call allows the court to draw a reasonable inference that Quality made the first three calls *to market Sempris's services*.") (emphasis added)

[2] A copy of the cited decision obtained from the S.D. Ohio ECF system is attached as Exhibit A.

4916-6285-9447.1

- "Finally, roughly a week later … Kemen received her fourth and final call from a third phone number, which she says also belongs to Cincinnati Bell." *Id*. In a footnote, the Court undertook an independent inquiry to ensure that the third phone number is properly attributable to the defendant: "a Google search suggests that the telephone number she lists in her Second Amended Complaint is associated with an Altafiber store, and Altafiber appears to be a name associated with Cincinnati Bell." *Id*. at n.2.

In contrast to the factual bases in the above cases cited, Plaintiff does not allege that the third call shares a common originating phone number, scripting, agent, or other specific characteristic with any other call. Simply put, just alleging that multiple calls occurred within a few weeks to sell similar products is not a basis to allow the Court to plausibly conclude that those calls were made by a single party.

Plaintiff's Complaint fails to state any plausible claim for relief against Ensurety. Accordingly, Ensurety respectfully requests that the Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

**KUTAK ROCK LLP**
Niki T. Cung, Ark. Bar No. 96153
1277 E. Joyce Blvd., Suite 300
Fayetteville, Arkansas 72703
Telephone: 479-973-4200
Fax: 479-973-0007
Niki.Cung@KutakRock.com

*Attorneys for Ensurety Ventures, LLC*
*d/b/a Omega Auto Care*

3